```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

RUBEN PAZ,

    Plaintiff,

v.                                    Case No. 8:14-cv-2964-T-33TGW

DREW TRANSPORT SERVICES LLC,

    Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff's Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. # 11), filed on February 4, 2015. For the reasons that follow, the Court grants the Motion.

**I.   Background**

Plaintiff Ruben Paz initiated this action on November 26, 2014, against Defendant Drew Transport Services LLC, alleging violations of the Fair Labor Standards Act ("FLSA") for unpaid overtime. (See Doc. # 1). Specifically, Paz contends that:

> At all times material hereto, Plaintiff works more than 40 hours/week and is not compensated in accordance with the FLSA for his overtime work. Plaintiff should be compensated at the rate of one and one-half times his regular rates for hours that

>Plaintiff works in excess of 40 hours per week as required by the FLSA.

(Id. at 15). Prior to Defendant filing a response to Paz's Complaint, Paz filed a Notice of Settlement on January 13, 2015. (Doc. # 9). Thereafter, Paz filed the present Motion requesting approval of the settlement reached and dismissal of this action with prejudice. (Doc. # 11).

## II. Analysis

Paz alleges that Defendant violated the terms of the FLSA. (Doc. # 1). Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

The parties have reached a settlement wherein it is agreed that Paz will receive $6,000 for his alleged unpaid overtime wage claims. (Doc. # 11-1 at 4). Paz's counsel will receive $4,000 in attorneys' fees and costs. (Id.). Paz submits that "[t]he settlement terms are fair, reasonable and adequate," and a "reasonable means for both parties to minimize future risks and litigation costs." (Doc. # 11 at 3, 5). Further, Paz provides that "[Paz's] fees and costs were negotiated and settled independently of [Paz's] FLSA claims." (Id. at 5).

2

Upon adequate review and consideration, the Court approves the settlement reached by the parties in an effort to amicably resolve this case.[1] The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. # 11) is **GRANTED**.

(2) The parties' settlement is approved. This case is dismissed with prejudice.

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims, (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims, and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

(3)   The Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of February, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record